Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ruben Castillo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 3184 | **DATE** | 10/24/2003 |
| **CASE TITLE** | Medline Industries, Inc. vs. Medline RX Financial, LLC | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ■ Status hearing set for 11/12/2003 at 9:45 A.M..
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Defendant's motion to set aside the default order is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | OCT 27 2003 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 34 |
| | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| RO | courtroom deputy's initials | 03 OCT 24 PM 1:01 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MEDLINE INDUSTRIES, INC., | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 03 C 3184 |
| MEDLINE RX FINANCIAL, LLC, | ) ) | Judge Ruben Castillo |
| Defendant. | ) | |

OCT 27 2003

## MEMORANDUM OPINION AND ORDER

Defendant's motion to set aside the default order entered against it is presently before this Court. Defendant claims it had good cause for the default, acted quickly to correct it and have a meritorious defense to Plaintiff's claims. For the reasons provided below, Defendant's motion is denied. (R. 26-1.)

## RELEVANT FACTS

Plaintiff Medline Industries, Inc. filed its complaint against Defendant Medline Rx Financial, LLC on May 13.[1] (R. 1, Compl.) Defendant's corporate counsel, Marc Cohen, was served on May 14. (R. 8, Return of Service.) This Court dismissed Plaintiff's complaint without prejudice on May 21. (R. 5, May 21 Minute Order.) Plaintiff filed an amended complaint on June 3. (R. 7, Pl.'s Amended Compl.) On June 26, this Court granted Plaintiff leave to proceed with its amended complaint, ordered the parties to file a joint status report and ordered Plaintiff to notify Defendant of this order. (R. 10, June 26 Minute Order.) Plaintiff filed a motion for default judgment on July 18. (R. 14, Pl.'s Mot. for Default.) On July 23 Plaintiff filed a motion

---

[1] All events occurred in 2003.

to withdraw its July 18 motion for default judgment and Defendant filed its belated answer to Plaintiff's original complaint. (R. 13, Pl.'s Mot. to Withdraw; R. 20, Def.'s Answer.) The next day this Court entered a default order against Defendant, granted Plaintiff's motion to withdraw its motion for default judgment and ordered Defendant to answer or otherwise plead to the amended complaint. (R. 15, July 24 Minute Order.) The Court indicated that Defendant needed to explain the reasons for its late answer. Finally, on July 25 Defendant filed this motion to set aside the default. (R. 26, Def.'s Mot. to Set aside Default.)

## LEGAL STANDARDS

Federal Rule of Civil Procedure 55(c) provides that "[f]or good cause shown the court may set aside an entry of default. . . ." Fed. R. Civ. P. 55(c). "In order to vacate an entry of default the moving party must show: (1) good cause for default (2) quick action to correct it and (3) meritorious defense to plaintiff's complaint." *Pretzel & Stouffer, Chartered v. Imperial Adjusters, Inc.*, 28 F.3d 42, 45 (7th Cir. 1994). The test for setting aside an entry of default is the same as the test for setting aside a default judgment, but it is applied more liberally. *United States v. Di Mucci*, 879 F.2d 1488, 1495 (7th Cir. 1989). A showing of "excusable neglect" can establish good cause for the default. *See Robb v. Norfolk & Western R.R. Co.*, 122 F.3d 354, 359 (7th Cir. 1997).

## ANALYSIS

Defendant asserts that the default entered against it should be set aside because it has shown good cause, quick action to correct it and a meritorious defense. The only disputed issue is whether Defendant has shown good cause. Defendant claims that the following facts establish good cause: (1) the parties were discussing settlement prior to the entry of default; (2) Defendant

2

filed its answer and Plaintiff withdrew its motion for default judgment before this Court's entry of default; (3) Plaintiff failed to properly serve it with this Court's May 21 order dismissing its original complaint without prejudice and this Court's June 26 order requiring a joint status report; (4) Defendant's failure to answer was the result of excusable neglect because corporate counsel, Mark Cohen, suffered health problems, one of Defendant's managing members, Juan Gallinal, and Defendant's lead counsel, Robert Kain, were on long-planned vacations; and (5) Plaintiff suffered no prejudice as it was aware that Defendant intended to file an answer. (R. 28, Def.'s Reply at 2-3, 6-7.) Plaintiff argues, unsurprisingly, that Defendant did not have good cause and that the default should not be set aside because Defendant acted in bad faith as Defendant's corporate counsel, Marc Cohen, stated on May 29 that Plaintiff should abandon their complaint because, as Defendant was a shell corporation without assets, it would file bankruptcy to avoid paying damages. (R. 23, Pl.'s Response, Ex. B., Doellinger Aff.)

First, on-going settlement discussions are not good cause for failing to answer a pleading. *Chase Int'l, Inc. v. Link and Pan of Tex., Inc.*, No. 94 C 6533, 1995 WL 506056, at *3 (N.D. Ill. Aug. 17, 1995); *Chandler Leasing Corp. v. UCC, Inc.*, 91 F.R.D. 81, 83 n.5 (N.D. Ill. 1981). Settlement discussions occur, or at least should occur, in every dispute. A party's belief that a case will settle does not justify its failure to answer a complaint. And when settlement discussions have not resolved the issue, they cannot even begin to constitute good cause for default. In this case, settlement discussions apparently ended before June 23. (R. 23, PL.'s Response, Ex. A, Cohen Fax.) Thus, settlement discussions were not on-going and are not good cause.

Next, Plaintiff's withdrawal of its motion for default judgment and Defendant's filing of its answer to Plaintiff's original complaint—not its amended complaint—the day before this Court entered a default order does not show that Defendant had good cause. Neither act changes the undisputed fact that Defendant's answer was untimely. Defendant's answer was due on July 16. Fed. R. Civ. P. 15(a), 6(a), (e). It was filed seven days late on July 23. "[A] defendant who fails to answer within the time specified by the rules is in default even if that fact is not officially noted." 10A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2692 (3d ed. 2003). Neither act explains why Defendant failed to answer Plaintiff's complaint in a timely fashion.

Next, Plaintiff's failure to properly serve Defendant with this Court's minute orders is not good cause. Defendant's corporate counsel was served on May 14; he also received this Court's June 26 minute order, which granted Plaintiff leave to proceed with its amended complaint. Defendant knew that the complaint was filed and that the legal action was proceeding; it certainly was aware of its responsibility to answer the complaint. Defendant suggests that Plaintiff should have informed Defendant that its answer was due. (R. 28, Def.'s Reply at 7.) The fact that Plaintiff did not remind Defendant of its legal obligations is definitely not good cause.

Next, the untimely vacations and health problems that beset Defendant's counsel and manager do not constitute excusable neglect. Kain returned from vacation on July 7, (R. 29, Def.'s Exs., Ex. C, Kain's Aff. ¶ 3), and Gallinal was aware of Plaintiff's complaint before leaving for vacation, (R. 29, Def.'s Exs., Ex. D, Gallinal's Aff. ¶¶ 2, 7). Their travel schedules were not so burdensome as to excuse Defendant's negligence. Although this Court fully understands that health problems, as suffered by Cohen, can constitute good cause for missing a

4

filing, this Court does not believe that Defendant has established that Cohen's health problems excuse Defendant's negligence. When unpredictable and unfortunate circumstances arise, such as heart palpitations, counsel should inform the court before the filing deadline passes why he will be unable to comply, and if that is not possible, should inform the court as soon as practicably possible why the filing was late. Cohen's health problems were not brought to this Court's attention until Defendant's reply brief. This Court is not convinced that, but for Cohen's health problems, Defendant would have timely answered Plaintiff's amended complaint. Even considering the scheduling difficulties created by all these events, this Court does not find that Defendants have shown excusable neglect. Additionally, the Cohen's statements regarding Defendant's status as a shell corporation that intended to avoid damages through bankruptcy indicate bad faith. *See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 398 (1993) (stating that it could not find that the lower court "abused its discretion in declining to find the neglect to be 'excusable'" if there was "any indication at all of bad faith").

Finally, Defendant's assertion that Plaintiff suffered no prejudice is not relevant. A motion to set aside a default judgment will be granted upon a showing of good cause, timely action and a meritorious defense. Prejudice to the plaintiff, frankly, is not part of the analysis. In sum, even when liberally construing the test for setting aside an entry of default, this Court finds that Defendant has not shown good cause for its untimely answer.

## CONCLUSION

For the reasons stated above, Defendant's motion to set aside the default order is denied. (R. 26-1.)

ENTERED: _____
Judge Ruben Castillo
United States District Court

**Dated: October 23, 2003**